UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEGAN D.,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　　　　　Defendant. | Case No.: 25-cv-01877-JLB<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>**[ECF No. 2]** |

Plaintiff Megan D. ("Plaintiff") has filed a Complaint against the Commissioner of Social Security (the "Commissioner") seeking judicial review of the Commissioner's final decision denying her applications for social security disability insurance benefits and supplemental security income benefits. (*See* ECF No. 1.) Before the Court is Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* ("IFP Motion"). (ECF No. 2.) For the reasons set forth below, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's IFP Motion.

I.   **LEGAL STANDARD**

All parties instituting a civil action, suit, or proceeding in a district court of the United States must pay a filing fee. 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay the filing fee only if the party is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a)(1).

Section 1915(a)(1) provides that:

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1). As § 1915(a)(1) does not itself define what constitutes insufficient assets to warrant IFP status, the determination of indigency falls within the district court's discretion. *See Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."), *reversed on other grounds by* 506 U.S. 194 (1993). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). "One need not be absolutely destitute to obtain benefits of the [IFP] statute." *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960). "Nonetheless, a plaintiff seeking IFP status must allege poverty with some particularity, definiteness[,] and certainty." *Escobedo*, 787 F.3d at 1234 (internal quotation marks and citation omitted).

## II.   DISCUSSION

Here, Plaintiff has not paid the $405[1] filing fee required to maintain a civil action in this District and has instead moved to proceed IFP. (ECF No. 2.) Plaintiff attests to the following under penalty of perjury in her affidavit of assets: Plaintiff, an unmarried woman, anticipates gross income of $3,200 next month from her employment, which will amount

---

[1] *See* 28 U.S.C. § 1914(a) ("The clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court . . . to pay a filing fee of $350[.]"); *CASD Fee Schedules*, https://www.casd.uscourts.gov/_assets/pdf/attorney/CASD%20FEE%20SCHEDULE.pdf) (imposing a $55 administrative fee for a civil action, suit, or proceeding).

to $2,340 after deductions, including insurance. (*Id.* at 1–2.) Plaintiff is currently employed by Bob Jenson Heating and Air Conditioning. (*Id.* at 2.) Plaintiff owns two vehicles, including a 1997 Chevrolet Cavalier valued at $1,500, and a 2024 Kia Soul valued at $18,000. (*Id.* at 3.) Plaintiff spends $1,825 per month on rent, utilities, and food. (*Id.* at 4.) She spends an additional $350 per month on medical and dental expenses, and $950 per month on transportation, car insurance, and car payments. (*Id.*) Lastly, she spends $95 per month on other basic living essentials. (*Id.* at 5.) Plaintiff attests that her expenses far exceed her income, and she must manipulate due dates or fall behind on expenses to keep utilities and services active. (*Id.*)

Based on the foregoing, it appears that Plaintiff can pay the court costs and still afford the necessities of life. Plaintiff is unmarried without any named dependents but owns two vehicles, including a brand new 2024 Kia Soul. Plaintiff spends nearly half of her income on her vehicles and transportation. Moreover, despite having health insurance deducted from her paycheck, Plaintiff also claims to spend $350 per month in medical and dental expenses. Without sufficient information to assess these expenditures, the Court denies Plaintiff's IFP Motion without prejudice. Plaintiff shall attach supporting documentation regarding these mandatory monthly expenditures to any renewed IFP Motion.

### III. CONCLUSION

For the aforementioned reasons, Plaintiff's IFP Motion (ECF No. 2) is **DENIED without prejudice**. On or before **August 22, 2025**, Plaintiff must either (1) file a renewed motion for leave to proceed *in forma pauperis* or (2) pay the requisite filing fee, otherwise her case may be dismissed.

**IT IS SO ORDERED.**

Dated: August 6, 2025

Hon. Jill L. Burkhardt
United States Magistrate Judge